## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **DISCOVER BANK**<br>12 Read's Way<br>New Castle, Delaware 19720 | * | |
| | * | |
| **and** | * | |
| **DISCOVER FINANCIAL SERVICES, INC.,**<br>2500 Lake Cook Road<br>Riverwoods, Illinois 60015 | * | |
| | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| v. | * | **Civil Action No. _____** |
| | * | |
| **BETTY E. VADEN**<br>4113 Kathland Ave.<br>Baltimore, MD 21207 | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## VERIFIED COMPLAINT IN THE NATURE OF A PETITION
## TO COMPEL ARBITRATION AND ENJOIN DEFENDANT'S
## PROSECUTION OF HER STATE COURT COUNTERCLAIM

Plaintiffs Discover Bank and Discover Financial Services, Inc. (collectively, "Discover")

hereby file this Complaint in the Nature of a Petition to Compel Arbitration and Enjoin

Defendant's Prosecution of Her State Court Counterclaim against Defendant Betty E. Vaden

("Ms. Vaden") pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2, 4, and

respectfully allege the following:

## The Parties

1.      Discover Bank is a federally insured bank chartered and incorporated in the State

of Delaware with its principal place of business in Delaware.

2.      Discover Financial Services, Inc. is a Delaware corporation with its principal

place of business in Illinois.

3.      Discover Financial Services, Inc. is the servicing affiliate of Discover Bank

(formerly known as Greenwood Trust Company), the issuer of the Discover Card credit card

held by Defendant.

4.      Ms. Vaden is an adult individual residing at 4113 Kathland Avenue, Baltimore,

Maryland 21207.

## Jurisdiction And Venue

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      Defendant filed a "Class Action Counterclaim" (the "Counterclaim") in a state

court collection proceeding pending in the Circuit Court for Baltimore City that,   pursuant to an

arbitration provision in the parties' agreement governing their relationship, must be arbitrated.

Discover seeks to compel arbitration pursuant to that agreement and the Federal Arbitration Act.

7.      In Counts I-III of her Counterclaim, Defendant broadly claims that Discover

charged illegal finance charges, interest and late fees under Maryland law.  Specifically, in Count

I, Defendant alleges that Maryland law barred Discover from charging both late fees and finance

charges at the contractual periodic rate set forth in the parties' cardmember agreement.  In Count

II, Defendant alleges that Discover violated Maryland law by compounding interest.  In Count

III, Defendant alleges that Discover violated Maryland law by charging an increased interest rate

on outstanding balances.  These counts of Defendant's counterclaims are completely preempted by Section 27(a) of the Federal Deposit Insurance Act, 12 U.S.C. § 1831d(a).

        8.      Accordingly, resolution of Defendant's claims that Discover Bank charged illegal finance charges, interest and late fees involve questions of federal law under 28 U.S.C. § 1331. This Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 with respect to any of Defendant's claims not preempted by federal law.

        9.      Venue is proper in this District under 28 U.S.C. § 1391(b) as Defendant resides in this District.

<b><u>Facts</u></b>

       10.     As part of the regular course of its business, Discover maintains records of the accounts of those individuals who have a Discover Card credit card account ("Cardmembers"). The terms and conditions that govern the relationship between Discover and its Cardmembers are set forth in a written agreement (the "Cardmember Agreement").

       11.     According to Discover's records, in or about October 1990, Discover opened an account for Ms. Vaden in response to Ms. Vaden's application for a Discover credit card. Discover then issued and mailed Ms. Vaden a Discover Card along with a Fulfillment Kit that included a copy of the Cardmember Agreement.

       12.     Since that time, Ms. Vaden and Discover have been parties to the Discover Cardmember Agreement, which sets forth the terms and conditions governing the relationship between Discover and each cardmember.  A true and correct copy of the version of the Cardmember Agreement that was in effect when Ms. Vaden opened her account in 1990 is attached hereto as Exhibit A.  The Cardmember Agreement provided, among other things, as follows:

3

> "**ACCEPTANCE OF AGREEMENT.**  The use of your Account
> or the Card by you or anyone whom you authorize or permit to use
> the Account or the Card means you accept this Agreement."

13.     Ms. Vaden accepted the Cardmember Agreement by not rejecting it in accordance

with its terms and by using the Card continuously from 1990 to 2001 when her privileges were

suspended for non-payment.  During that entire period, Ms. Vaden was an active cardmember.

14.     The Cardmember Agreement further provided that it was governed by the law of

the State of Delaware and applicable federal laws.

15.     The Cardmember Agreement also contained a "Change of Terms" clause that

permitted the amendment of the Cardmember Agreement.

16.     Pursuant to the "Change of Terms" provision in the Cardmember Agreement, the

Agreement has been modified from time to time between 1990 and the present.

17.     A true and correct copy of the version of the Cardmember Agreement that was in

effect and includes the terms applicable to Ms. Vaden's account in 1999, is attached hereto as

Exhibit B.  This version of the Cardmember Agreement, known internally at Discover as Terms

Level 10, included a "Change of Terms" clause which provides in pertinent part:

> **CHANGE OF TERMS.**  We may change any term or part of this
> Cardmember Agreement, including any finance charge rate, fee or
> method of computing any balance upon which the finance charge
> rate is assessed, or add any new term or part to this Cardmember
> Agreement by sending you a written notice at least 15 days before
> the change is to become effective. . . . If you do not agree to the
> change, you must notify us in writing within 15 days after the
> mailing of the notice of change, in which case your Account will
> be closed and you must pay us the balance that you owe us under
> the existing terms of the unchanged Cardmember Agreement.
> Otherwise, you will have agreed to the changes in the notice.  Use
> of your Account after the effective date of change will be deemed
> acceptance of the new terms on such effective date, even if you
> previously notified us that you did not agree to the change.

18.     Subsequently, as authorized by the foregoing "Change of Terms" provision, and in accordance with Delaware banking law, 5 Del. C. §952, beginning in July 1999 and continuing through August 1999, a Notice of Amendment for changes known internally at Discover as "Terms Level 11" was inserted into and mailed with the billing statements of all Discover cardmembers -- including Ms. Vaden -- who had open accounts and were receiving statements.  A true and correct copy of the Terms Level 11 Notice of Amendment (the "1999 Notice of Amendment") (including the arbitration agreement that is the subject of this action) is attached hereto as Exhibit C.

19.     Discover's records show that on or about July 26, 1999, Discover mailed to Ms. Vaden a copy of the 1999 Notice of Amendment.

20.     The 1999 Notice of Amendment, among other things, added an arbitration agreement to the Cardmember Agreement.  The 1999 Notice of Amendment stated:

> **"NOTICE OF AMENDMENT TO DISCOVER CARDMEMBER AGREEMENT:** This notice informs you of changes to your current Discover Cardmember Agreement.  Please note the effective date of the changes shown below and retain this notice for your records - WE ARE ADDING A NEW ARBITRATION SECTION WHICH PROVIDES THAT IN THE EVENT YOU OR WE ELECT TO RESOLVE ANY CLAIM OR DISPUTE BETWEEN US BY ARBITRATION, NEITHER YOU NOR WE SHALL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR TO HAVE A JURY TRIAL ON THAT CLAIM.  THIS ARBITRATION SECTION WILL NOT APPLY TO LAWSUITS FILED BEFORE THE EFFECTIVE DATE."

21.     The 1999 Notice of Amendment set forth the arbitration agreement that was being added to the Cardmember Agreement.  That arbitration agreement provides, in relevant part, that the parties each have the option of requiring the arbitration of any claims brought by the other party in court:

**"ARBITRATION. WE ARE ADDING A NEW SECTION TO READ AS FOLLOWS: ARBITRATION OF DISPUTES.** In the event of any past, present or future claim or dispute (whether based upon contract, tort, statute, common law or equity) between you and us arising from or relating to your Account, any prior account you have had with us, your application, the relationships which result from your Account or the enforceability or scope of this arbitration provision, of the Agreement or of any prior agreement, you or we may elect to resolve the claim or dispute by binding arbitration.
IF EITHER YOU OR WE ELECT ARBITRATION, NEITHER YOU NOR WE SHALL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR TO HAVE A JURY TRIAL ON THAT CLAIM. PRE-HEARING DISCOVERY RIGHTS AND POST-HEARING APPEAL RIGHTS WILL BE LIMITED. NEITHER YOU NOR WE SHALL BE ENTITLED TO JOIN OR CONSOLIDATE CLAIMS IN ARBITRATION BY OR AGAINST OTHER CARDMEMBERS WITH RESPECT TO OTHER ACCOUNTS, OR ARBITRATE ANY CLAIM AS A REPRESENTATIVE OR MEMBER OF A CLASS OR IN A PRIVATE ATTORNEY GENERAL CAPACITY."
Your Account involves interstate commerce, and this provision shall be governed by the Federal Arbitration Act (FAA) ....

22.     Even if the parties opt to litigate a claim in court, the arbitration agreement provides that the parties may elect to arbitrate any new claims: "Even if all parties have opted to litigate a claim in court, you or we may elect arbitration with respect to any claim made by a new party or any new claims later asserted in that lawsuit, and nothing undertaken therein shall constitute a waiver of any rights under this arbitration provision."

23.     The arbitration agreement also provides for a choice of arbitration administrators: "The arbitration shall be conducted, at the option of whoever files the arbitration claim, by either JAMS/Endispute (JAMS) or the National Arbitration Forum (NAF) in accordance with their procedures in effect when the claim is filed. . . The arbitrator shall follow applicable substantive law to the extent consistent with the FAA and applicable statutes of limitations and shall honor claims of privilege recognized at law."

24.    The arbitration agreement provides for the advancement of fees to any plaintiff

and caps those fees at the level of "court costs" if the action had been filed in court: "At your

written request, we will advance any arbitration filing, administrative and hearing fees which you

would be required to pay to pursue a claim or dispute as a result of our electing to arbitrate that

claim or dispute. The arbitrator will decide who will ultimately be responsible for paying those

fees. In no event will you be required to reimburse us for any arbitration filing, administrative,

or hearing fees in an amount greater than what your and our combined court costs would have

been if the claim had been resolved in a state court with jurisdiction." Under this provision,

Discover will be obligated to pay all the fees assessed by the arbitration administrator and the

arbitrator.

25.    The arbitration agreement broadly applies to "our parent corporations,

subsidiaries, affiliates (including, without limitation, Discover Financial Services, Inc.),

predecessors, successors, assigns, as well as the officers, directors and employees of each of

these entities."

26.    The 1999 Notice of Amendment concluded by reminding Cardmembers that the

failure to opt out of the change in terms before it went into effect, or the use of their Discover

Card after the effective date, would constitute acceptance of the change in terms as described in

the 1999 Notice of Amendment, including the "Arbitration of Disputes" provision:

> **Effective Date.** If you do not agree to the changes, you must
> notify us in writing by September 15, 1999 . . . . If you notify us,
> we will close your Account and you will pay us the balance that
> you owe us under the current terms of the Agreement. If you do
> not notify us, the changes set forth in this notice will be effective
> and will apply to your Account for billing periods after October 1,
> 1999 . . . . Use of your Account after October 1, 1999, means that
> you accept the new terms, even if you previously notified us that
> you did not agree to the changes.

27.     Discover implemented several quality control measures to ensure that the 1999 Notice of Amendment was delivered to existing cardmembers. These measures included: (a) auditing mail files prior to printing, (b) monitoring insertion of the Notice of Amendment into monthly billing statements, (c) random audit of statements to ensure correct insertion of the Notice of Amendment into billing statements, (d) seed mailing to various Discover employees to validate insertion and receipt, and (e) reconciliation of notification against a list of eligible cardmembers to ensure that every cardmember appeared in at least one form of mailing at the completion of the process.

28.     At no time has Discover ever received from Ms. Vaden any notification – written or otherwise – that she did not agree with or wished to opt-out of the change of terms contained in the 1999 Notice of Amendment, which included the arbitration agreement.  Moreover, Ms. Vaden continued to use her Discover Card to make purchases after October 1, 1999, when the arbitration agreement became effective.  True and correct copies of periodic statements reflecting the purchases made by Ms. Vaden after October 1, 1999 are attached hereto as Exhibit D.

29.     The Cardmember Agreement has been amended since 1999.  There were no changes made to the arbitration agreement prior to the charge-off of Ms. Vaden's account.

30.     On or about June 23, 2003 , Discover instituted suit against Ms. Vaden in the District Court of Maryland for Baltimore City.  Discover sought repayment of $10,610.74 which was past due on Ms. Vaden's credit card account.

31.     As Ms. Vaden requested a jury trial, the matter was removed to the Circuit Court for Baltimore City, Maryland.

32.     On or about October 20, 2003, Ms. Vaden filed her Counterclaim against Discover.  A true and correct copy of the Counterclaim is attached hereto as Exhibit E.  The first

three counts of the Counterclaim concern the finance charges, interest and late fees charged by Discover in alleged violation of Md. Code Ann., Com. Law II §§ 12-506(a)(6), 12-506(a)(5) and 12-506.2. Ms. Vaden alleges that Discover violated those statutes as follows:

a. Discover "illegally assessed both finance charges and late fees, concurrently, against the open end accounts of Vaden and the putative Class Members" and "pursuant to Md. Code Ann., Comm. Law II § 12-506(a)(6)," Discover "could only assess either a finance charge or a late fee, but not both against its customers." Counterclaim at ¶¶ 43-44.

b. Discover "illegally charged compound interest and compound finance charges against the open end accounts of Vaden and the putative Class Members" and "pursuant to Md. Code Ann., Com. Law II § 12-506(a)(5)," Discover "could not charge compound interest charges against its customers." Counterclaim at ¶¶ 48-49.

c. Discover "increased the existing interest rates assessed to the open end accounts of its customers" and "pursuant to Md. Code Ann., Com. Law II § 12-506.2" Discover "could not apply the newly increased interest rate to the pre-existing account balances of its customers." Counterclaim at ¶¶ 53, 55.

33.    All of the allegations, claims and causes of action alleged by Ms. Vaden in the Counterclaim are within the scope of the parties' broad arbitration agreement and are subject to arbitration.

## Relief

34.    The arbitration agreement contained in the Cardmember Agreement provides for the arbitration of "any past, present or future claim or dispute (whether based upon contract, tort,

statute, common law or equity) between you and us arising from or relating to your Account, any prior account you have had with us, your application, [or] the relationships which result from your Account." All of Defendant's claims clearly arise "from or relate to" her Account or "the relationships which result from your Account." By its express terms, claims against Discover Financial Services, Inc. also are within the scope of the arbitration agreement.

35.     By this action, Discover seeks to require Ms. Vaden's compliance with the arbitration agreement in the Cardmember Agreement and to enjoin her further prosecution of the Counterclaim in state court.

36.     The parties' arbitration agreement precludes Defendant from bringing any class action. Nevertheless, Defendant purports to assert her claims on behalf of a class of similarly situated persons.

37.     Accordingly, there are disputes between the parties and arbitrable matters arising out of and relating to the provisions of the Cardmember Agreement which are properly subject to binding arbitration.

**WHEREFORE,** Plaintiffs pray that an order be made and entered herein directing that arbitration between Defendant and Plaintiffs proceed in the manner provided for in the arbitration agreement; that the issues raised in Defendant's Counterclaim be determined by binding arbitration in accordance with the parties' arbitration agreement; that Defendant's claims proceed on an individual basis in arbitration; that Defendant be restrained from taking any further action to prosecute her Counterclaim while the parties proceed to arbitration in accordance with the parties' arbitration agreement; and that Plaintiffs obtain such other or further relief as the Court may deem just and proper; together with the costs and disbursements of this Complaint.

Respectfully submitted,

Joseph W. Hovermill, Esquire,  (Fed. Bar No. 22446)
Matthew T. Wagman, Esquire (Fed. Bar No. 26399)
John C. Celeste, Esquire (Fed. Bar No. 26810)
Miles & Stockbridge P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464
(410) 385-3700 (facsimile)

Attorneys for Plaintiff/Counter Defendants,

Discover Financial Services, Inc.,
SVC Affiliate of Discover Bank,
f/k/a Greenwood Trust Co., a De
Chartered State Bank and Issuer
of the Discover Card

OF COUNSEL

Alan S. Kaplinsky
Martin C. Bryce, Jr.
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

## **VERIFICATION**

I, Julie Loeger, a vice-president in the marketing department of Discover

Financial Services, Inc., declare under penalty of perjury that the facts set forth in the

foregoing Complaint are based upon my personal knowledge and from information

contained in the records of Discover Financial Services, Inc. and Discover Bank and are

true and correct.  I make this declaration pursuant to the provisions of 28 U.S.C. § 1746.


Dated:  November 12, 2003

Julie Loeger

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of November, 2003 a copy of the foregoing

Verified Complaint in the Nature of a Petition to Compel Arbitration and Enjoin Defendant's

Prosecution of Her State Court Claim, was sent via first-class mail, postage prepaid to:

> Betty E. Vaden
> 4113 Kathland Avenue
> Baltimore, MD 21207
>
> *and via first class mail, postage pre-paid and electronic mail to:*
>
> John A. Mattingly, Jr.
> Baldwin, Briscoe & Mattingly, Chtd
> 22335 Exploration Drive, Suite 2030
> Lexington Park, Maryland 20653
>
> Attorneys for Defendant/Counter Plaintiff

Matthew T. Wagman