IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| DISCOVER FINANCIAL SERVICES, INC. ) | |
| ) | |
| Plaintiff/Counter-Defendant ) | |
| ) Case No.: 24-C-03-005706 JT | |
| vs. ) | |
| ) | |
| BETTY E. VADEN, on behalf of herself ) | |
| and all others similarly situated ) | |
| ) | |
| Defendant/Counter-Plaintiff ) | |

## CLASS ACTION COUNTERCLAIMS

**COMES NOW** BETTY E. VADEN, Defendant/Counter-Plaintiff, by and through her counsel, John A. Mattingly, Jr. and Baldwin, Briscoe & Mattingly, Chtd., and respectfully counterclaims, on behalf of herself and those similarly situated, in the above-captioned matter, and states:

### FACTS COMMON TO ALL COUNTS

1. Betty E. Vaden (hereinafter "Vaden") is a resident of Baltimore City, Maryland.

2. Discover Financial Services, Inc. (hereinafter "DFS") is a corporation organized under the laws of the State of Delaware. Further, DFS is a wholly owned, direct subsidiary of Morgan Stanley Domestic Capital, Inc.

3. DFS initiated suit against Vaden in the District Court of Maryland for Baltimore City. However, pursuant to Maryland Rule 3-325 and Md. Code Ann., Cts. & Jud. Proc. §4-402(e), Vaden prayed trial by jury and this matter was removed to the Circuit Court for Baltimore City, Maryland.

4. DFS operates the Discover general purpose credit card business, and further offers the Discover-branded credit cards including the Discover Classic Card, the Discover Platinum Card, the Discover Gold Card and the Discover Titanium Card.

5. Vaden and the putative Class Members are "Buyers," as that term is defined in Md. Code Ann., Com. Law II §12-501(c).

6. The DFS credit card accounts of Vaden and the putative Class Members are "Open End Accounts," as that term is defined in Md. Code Ann., Com. Law II §12-501(j).

1

7. DFS is a "Holder," as that term is defined in Md. Code Ann., Com. Law II §12-501(i).

8. For the purposes of and in the application of Md. Code Ann., Com. Law II §12-501, et seq., DFS is a "Financial Institution" as that term is defined in Md. Code Ann., Com. Law II §12-501(i).

9. The Circuit Court for Baltimore City is the appropriate jurisdiction and venue for this matter.

10. These counterclaims are timely, and all conditions precedent to their filing have been met.

## CLASS REPRESENTATIVE'S ALLEGATIONS

11. Vaden, on behalf of herself and all others similarly situated, incorporates and adopts the allegations made in Paragraphs 1 through 10, hereinabove.

12. That, Vaden applied for a credit card account with DFS.

13. That, DFS agreed to extend credit to Vaden through the use of a credit card account.

14. That, Vaden has a credit card account with DFS.

15. That, DFS issued Vaden a Discover Platinum Card, further identified by account number 6011 0034 7751 3293.

16. That, Vaden's credit card account with DFS was issued and used for personal, family and household purposes.

17. That, Vaden's Discover Card was used at various retail sellers and service providers. Said retail sellers and service providers were designated by DFS to accept the Discover-branded credit cards.

18. That, each use of Vaden's Discover Card was an extension of credit by DFS for the purchase of goods and/or services.

19. That, for each purchase Vaden made with her Discover Card, DFS applied the amount of the purchase to Vaden's credit card account balance.

20. That, in addition to the amount of the purchases, DFS also assessed interest, finance charges, late fees and overlimit fees to Vaden's credit card account balance.

21. That, the contract between Vaden and DFS specified that the late fee assessed for untimely payments would be in the amount of $20.00. However, DFS assessed and collected late fees in excess of the $20.00 for which the parties contracted.

22. That, Vaden did not agree to the aforesaid increased late fee amount.

23. That, DFS agreed to extend credit to Vaden at a set or "fixed" per annum interest rate. However, DFS later unilaterally raised the interest rate charged on Vaden's account to 22.99% per annum.

24. That, Vaden did not agree to the aforesaid increased interest rate

25. That, DFS assessed the higher interest rate not only to subsequent charges and purchases, but DFS also applied the increased interest rate to Vaden's pre-existing account balance.

26. That, DFS concurrently assessed both finance charges/interest and late fees against Vaden's account.

27. That, DFS compounded the finance and interest charges against Vaden's account.

28. That, DFS collected illegally and wrongfully assessed interest, finance and late fee charges from Vaden.

## CLASS ACTION ALLEGATIONS

29. Vaden, on behalf of herself and all others similarly situated, incorporates and adopts the allegations made in Paragraphs 1 through 28, hereinabove.

30. Vaden brings this action on her own behalf and on behalf of all other persons similarly situated pursuant to Rules 2-231 of the Maryland Rules of Civil Procedure.

31. The present cause of action arises from the wrongful and unlawful conduct of DFS, to wit:

    a. DFS illegally charged compound interest and finance charges;

    b. DFS illegally charged both finance charges/interest and late fees concurrently;

    c. DFS increased interest rates to customer accounts and further applied the new interest rate to the existing account balances which preceded the interest rate increase;

    d. DFS unilaterally increased the interest rates it charged customers without proper modifications or amendments to the existing contracts with its customers; and,

    e. DFS unilaterally increased the late fee it charged to customers for untimely account payments without proper modifications or amendments to the existing contracts with its customers.

32. The proposed and putative Class consists of:

    a. Thousands of customers throughout the State of Maryland of DFS's general purpose credit card business, including cardholders of the Discover Classic Card, the Discover Platinum Card, the Discover Gold Card and the Discover Titanium Card; and

      b.    Who either:

          A) were assessed compound interest and finance charges; or

          B) were concurrently assessed both finance charges/interest and late fees; or

          C) had increased interest rates applied to existing account balances which preceded the interest rate increase; or

          D) had their interest rates unilaterally increased without proper modifications or amendments to the existing contracts; or

          E) had the amount of the late fee charged on untimely account payments unilaterally increased without proper modifications or amendments to the existing contracts; and.

      c.    Excepting and excluding the Trial Judge and any Motions Judges, and any members of his or her immediate family.

33. That, the putative Class is so numerous that joinder of all members is impracticable.

34. That, there are questions of law and fact common to the putative class.

35. That, the claims and defenses of Vaden are typical of the claims or defenses of the class.

36. That, Vaden is an appropriate representative of the putative Class, who will fairly and adequately protect the interests of the putative Class, and has no interest that is contrary to or in conflict with those of the putative Class. Moreover, Vaden has retained counsel experienced and skilled in class action litigation.

37. That, the prosecution of separate actions by or against individual members of the putative class would create a risk of inconsistent or varying adjudications with respect to individual members of the putative class that would establish incompatible standards of conduct for the party opposing the putative class, and adjudications with respect to individual members of the putative class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

38. That, the questions of law and fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. That, this forum is appropriate for the litigation of the claims and defenses of the entire putative Class.

## COUNTERCLAIMS

### COUNT I

Violation of Md. Code Ann., Com. Law II §12-506(a)(6)

40. Vaden, on behalf of herself and all others similarly situated, incorporates and adopts the allegations made in Paragraphs 1 through 39, hereinabove.

41. That, Count I is brought as a class action to recover damages as a result of the illegal assessment of late fees and finance charges.

42. That, pursuant to Md. Code Ann., Com. Law II §12-502 & 506

43. That, DFS illegally assessed both finance charges and late fees, concurrently, against the open end accounts of Vaden and the putative Class Members.

44. That, pursuant to Md. Code Ann., Com. Law II §12-506(a)(6), DFS could only assess either a finance charge or a late fee, but not both, against its customers.

45. That, as DFS has violated the mandate of Md. Code Ann., Com. Law II §12-506(a)(6), DFS may not collect or receive any finance charges from Vaden or the putative Class Members.

WHEREFORE, Vaden and the putative Class Members pray that this Honorable Court to:

A. ENTER judgment against the DFS in favor of Vaden and the Class in the amount of all finance charges collected by DFS from Vaden and the Class;

B. AWARD prejudgment interest;

C. AWARD costs and attorneys' fees;

D. ENTER an order enjoining DFS from assessing both late fees and interest concurrently; and,

E. GRANT such further and additional relief as the nature of this action may require.

### COUNT II
### Violation of Md. Code Ann., Com. Law II §12-506(a)(5)

46. Vaden, on behalf of herself and all others similarly situated, incorporates and adopts the allegations made in Paragraphs 1 through 45, hereinabove.

47. That, Count II is brought as a class action to recover damages as a result of the illegal assessment of compound interest and compound finance charges.

48. That, DFS illegally charged compound interest and compound finance charges against the open end accounts of Vaden and the putative Class Members.

49. That, pursuant to Md. Code Ann., Com. Law II §12-506(a)(5), DFS could not charge compound interest and compound finance charges against its customers.

5

50. That, as DFS has violated the mandate of Md. Code Ann., Com. Law II §12-506(a)(5), DFS may not collect or receive any interest or finance charges from Vaden or the putative Class Members.

WHEREFORE, Vaden and the putative Class Members pray that this Honorable Court to:

A. ENTER judgment against the DFS in favor of Vaden and the Class in the amount of all finance charges and interest collected by DFS from Vaden and the Class;

B. AWARD prejudgment interest;

C. AWARD costs and attorneys' fees;

D. ENTER an order enjoining DFS from charging compound interest and compound finance charges; and,

E. GRANT such further and additional relief as the nature of this action may require.

## COUNT III
### Violation of Md. Code Ann., Com. Law II §12-506.2

51. Vaden, on behalf of herself and all others similarly situated, incorporates and adopts the allegations made in Paragraphs 1 through 50, hereinabove.

52. That, Count III is brought as a class action to recover damages as a result of the illegal assessment of interest charges.

53. That, DFS increased the existing interest rates assessed to the open end accounts of its customers.

54. That, the newly increased interest rates were applied not only to the charges made subsequent to the rate increase, but also to the existing account balances which preceded the interest rate increase.

55. That, pursuant to Md. Code Ann., Com. Law II §12-506.2 DFS could not apply the newly increased interest rate to the pre-existing account balances of its customers.

56. That, as DFS has violated the mandate of Md. Code Ann., Com. Law II §12-506(a)(5), DFS may not collect or receive any interest or finance charges from Vaden or the putative Class Members.

WHEREFORE, Vaden and the putative Class Members pray that this Honorable Court to:

A. ENTER judgment against the DFS in favor of Vaden and the Class in the amount of all finance charges and interest collected by DFS from Vaden and the Class;

B. AWARD prejudgment interest;

C.    AWARD costs and attorneys' fees;

D.    ENTER an order enjoining DFS from applying any interest rate increases to its customers pre-existing account balances; and,

E.    GRANT such further and additional relief as the nature of this action may require.

## COUNT IV
### Breach of Contract
### Application of Increased Interest Rates to Pre-Existing Account Balances

57.    Vaden, on behalf of herself and all others similarly situated, incorporates and adopts the allegations made in Paragraphs 1 through 56, hereinabove.

58.    That, Count IV is brought as a class action to recover damages as a result of the DFS's breach of contract in its assessment of interest charges.

59.    That, DFS increased the existing interest rates assessed to the open end accounts of its customers.

60.    That, although Vaden and the putative Class Members had agreed and contracted for the extension of credit at a stated rate, DFS unilaterally increased the interest rates at which it extended credit.

61.    That, contrary to the contract between the parties, the newly increased interest rate was applied to all subsequent purchases.

62.    That, not only did DFS apply the newly increased interest rate to subsequent purchases, but DFS applied the newly increased interest rate to pre-existing account balances of its customers, as well.

63.    That, each purchase or charge on the open end account of DFS's customers represented a distinct extension of credit by DFS on the terms and conditions then in effect pursuant to the agreement with Vaden and the putative Class Members.

64.    That, as the purchase or charge had been made by the customer at the agreed upon interest rate, the subsequent application of an interest rate greater than the promised interest rate represented a failure of DFS to honor and fulfill the terms and conditions of the agreement with Vaden and the putative Class Members.

65.    That, the failure of DFS to honor and fulfill the promise to extend credit at a stated interest rate, operates as a material breach of the contract with Vaden and the putative Class Members.

WHEREFORE, Vaden and the putative Class Members pray that this Honorable Court to:

A.    ENTER judgment against the DFS in favor of Vaden and the Class in the amount of damages incurred by Vaden and the Class as a result of the breach of contract;

B.   AWARD prejudgment interest;

C.   AWARD costs and attorneys' fees; and,

D.   GRANT such further and additional relief as the nature of this action may require.

## COUNT V
## Breach of Contract
## Fixed Rates

66. Vaden, on behalf of herself and all others similarly situated, incorporates and adopts the allegations made in Paragraphs 1 through 65, hereinabove.

67. That, Count V is brought as a class action to recover damages as a result of the DFS's breach of contract in its assessment of interest charges greater than that for which Vaden and the putative Class Members contracted.

68. That, Vaden and the putative Class Members entered into a contract with DFS for credit via open end accounts.

69. That, said DFS promised and guaranteed that the interest rates charged on said open end accounts would be fixed, and thus the interest rate would not change or vary.

70. That, DFS subsequently and unilaterally increased the interest rates applied to the open end accounts which DFS had promised and agreed would be fixed.

71. That, not only did DFS apply the newly increased interest rate to subsequent purchases, but DFS applied the newly increased interest rate to pre-existing account balances of its customers, as well.

72. That, the failure of DFS to honor and fulfill the promise that the open end accounts were fixed and not subject to change, operates as a material breach of the contract with Vaden and the putative Class Members.

73. That, DFS failed to validly modify or amend the existing contract with Vaden and the putative Class Members from the fixed rates to the newly and unilaterally imposed increased interest rates.

WHEREFORE, Vaden and the putative Class Members pray that this Honorable Court to:

A.   ENTER judgment against the DFS in favor of Vaden and the Class in the amount of damages incurred by Vaden and the Class as a result of the breach of contract;

B.   AWARD prejudgment interest;

C.   AWARD costs and attorneys' fees; and,

D.   GRANT such further and additional relief as the nature of this action may require.

## COUNT VI
## Breach of Contract
## Late Fee Charged Exceeded Contractual Amount

74. Vaden, on behalf of herself and all others similarly situated, incorporates and adopts the allegations made in Paragraphs 1 through 73, hereinabove.

75. That, Count VI is brought as a class action to recover damages as a result of the DFS's breach of contract in its assessment of late fees charged greater than that for which Vaden and the putative Class Members contracted.

76. That, Vaden and the putative Class Members entered contracted with DFS for credit via open end accounts.

77. That, said DFS promised and guaranteed that the "late fees" charged for untimely account payments would be $20.00.

78. That, in fact, DFS assessed and collected late fee charges greater than the $20.00 for which Vaden and the putative Class Members had contracted.

79. That, DFS failed to validly modify or amend the existing contract with Vaden and the putative Class Members which stated that the "late fee" would be $20.00.

WHEREFORE, Vaden and the putative Class Members pray that this Honorable Court to:

A. ENTER judgment against the DFS in favor of Vaden and the Class in the amount of damages incurred by Vaden and the Class as a result of the breach of contract;

B. AWARD prejudgment interest;

C. AWARD costs and attorneys' fees; and,

D. GRANT such further and additional relief as the nature of this action may require.

## COUNT VII
## Breach of Contract
## Implied Covenant of Good Faith and Fair Dealing

80. Vaden, on behalf of herself and all others similarly situated, incorporates and adopts the allegations made in Paragraphs 1 through 79, hereinabove.

81. That, Count VII is brought as a class action by Vaden and the Putative Class Members to recover damages as a result of the DFS's breach of contract in failing to meet its duty under the implied covenant of good faith and fair dealing.

82. That, Vaden and the putative Class Members entered into a contract with DFS for credit via open end accounts.

9

83. That, DFS promised and guaranteed that the interest rates charged on said open end accounts would be fixed, and thus the interest rate would not change or vary.

84. That, DFS subsequently and unilaterally increased the interest rates applied to the open end accounts which DFS had promised and agreed would fixed.

85. That, DFS failed to honor and fulfill the promise that the open end accounts were fixed and not subject to change.

86. That, not only did DFS apply the newly increased interest rate to subsequent purchases, but DFS applied the newly increased interest rate to the pre-existing account balances of its customers, as well.

87. That, each purchase or charge on the open end account of DFS's customers represented a distinct extension of credit by DFS on the terms and conditions then in effect pursuant to the agreement with Vaden and the putative Class Members.

88. That, as the purchase or charge had been made by the customer at the agreed upon interest rate, the subsequent application of an interest rate greater than the promised interest rate represented a failure of DFS to honor and fulfill the terms and conditions of the agreement with Vaden and the putative Class Members.

89. That, DFS had an obligation to perform in good faith pursuant to the terms of the agreement with Vaden and the putative Class Members. DFS breached the implied covenant of good faith and fair dealing by failing to extend funds and allow repayment of those funds at the fixed interest rate stated in the agreements, and arbitrarily increasing the interest rates applied.

90. That, DFS acted in bad faith and its conduct was not based upon any exigencies, impracticalities or any commercially reasonable circumstances.

91. That, DFS failed to meet its duty of good faith and fair dealing with respect to its contracts with Vaden and the putative Class Members, and such failure operated as a breach of the contract with Vaden and the putative Class Members.

WHEREFORE, Vaden and the putative Class Members pray that this Honorable Court to:

A. ENTER judgment against the DFS in favor of Vaden and the Class in the amount of damages incurred by Vaden and the Class as a result of the breach of contract;

B. AWARD prejudgment interest;

C. AWARD costs and attorneys' fees; and,

D. GRANT such further and additional relief as the nature of this action may require.

## COUNT VIII
### Violation of Md. Code Ann., Com. Law II §13-303

92. Vaden, on behalf of herself and all others similarly situated, incorporates and adopts the allegations made in Paragraphs 1 through 91, hereinabove.

93. That, Count VIII is brought as a class action by Vaden and the Putative Class Members to recover damages as a result of DFS's violation of Md. Code Ann., Com. Law II §13-303.

94. That, DFS persistently engaged in unfair and deceptive trade practices in the extension of consumer credit to Vaden and the putative Class Members, as follows:

   a. By misleadingly and deceptively offering and contracting with Vaden and the putative Class Members for "fixed" interest rates, but subsequently and unilaterally increasing the so-called "fixed" interest rates. The offer of and contract for "fixed" rates was nothing more than a bait-and-switch.

   b. By misleadingly and deceptively extending credit at a stated interest rates, only to subsequently and unilaterally increase the interest rates and apply the newly increased rates to the pre-existing account balances.

   c. By illegally compounding interest and finance charges; and,

   d. By illegally assessing both interest and finance charges, concurrently.

95. DFS's unfair and deceptive acts and practices as set forth hereinabove were done knowingly and with the intent to deceive the Vaden and the putative Class Members.

96. That, as a result of the unfair and deceptive acts and practices of DFS in the extension of consumer credit, Vaden and the putative Class Members are entitled to the damages set forth under Md. Code Ann., Com. Law II § 13-410.

**WHEREFORE**, Vaden and the putative Class Members pray that this Honorable Court to:

A. ENTER judgment against the DFS in favor of Vaden and the Class in the amount of damages to be proven at trial;

B. AWARD prejudgment interest;

C. AWARD costs and attorneys' fees; and,

D. ENTER an order enjoining DFS from engaging in the aforesaid unfair and deceptive conduct; and,

E. GRANT such further and additional relief as the nature of this action may require.

Respectfully submitted,

*[signature]*

JOHN A. MATTINGLY, JR.
Baldwin, Briscoe & Mattingly, Chtd
22335 Exploration Drive, Suite 2030
Lexington Park, Maryland 20653
(301) 862-4400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of October, 2003, a copy of the foregoing was mailed first class, postage prepaid to:

> Ronald S. Canter, Esq.
> Two Irvington Centre
> 702 King Farm Blvd.
> Rockville, Maryland 20850-5775

*[signature]*

JOHN A. MATTINGLY, JR.